IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Pack Liquidating, LLC, *et al.*[1] | |
| | Case No. 22–10797 (CTG) |
| Debtors. | (Jointly Administered) |
| | |
| Official Committee of Unsecured Creditors of Pack Liquidating, LLC, *et al.*, derivatively, on behalf of the Debtors' estates, | |
| *Plaintiff*, | |
| | Adv. Pro. No. 23–50590 (CTG) |
| v. | |
| Andrew Vagenas; 62 Castle Ridge LLC; Bradley Tramunti; Milend LLC; Gioia Ventures LLC; James Mastronardi; PPJDM LLC; JFMW Capital LLC; Jonathan Webb; Adam Berkowitz; 710 Holdings LLC; Glenn Nussdorf; Quality King Distributors, Inc.; Quality King Fragrances, Inc. d/b/a Quality Fragrance; Olla Beauty Supply, LLC d/b/a Ultra/Standard Distributors; Pro's Choice Beauty Care, Inc.; Deborah International Beauty Ltd.; RB Health (US) LLC; Reckitt Benckiser LLC d/b/a RB HyHo; Mead Johnson & Company LLC; McKesson Ventures LLC; McKesson Corporation d/b/a McKesson Medical; McKesson Medical-Surgical Minnesota Supply Inc.; Sealed Air Corporation (US); Shanklin Corp.; Automated Packaging Systems; The Emerson Group; Emerson Healthcare, LLC; Scott Emerson; Nitish Kapoor; Thomas Rodgers; Arjun Purkayastha; Carrie Williams; | |

---

[1] The Debtors in these chapter 11 cases are: Pack Liquidating, LLC; GV Liquidating LLC; PM Liquidating, LLC; PP Liquidating, LLC; PV Liquidating, LLC; and AB Liquidating, LLC.

1

| | |
|---|---|
| and Alter Domus (US) LLC, | : |
| | : |
| *Defendants*. | : |

---------------------------------------------------------x

## PLAINTIFF'S EX PARTE MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS AS TO ALL DEFENDANTS

The Official Committee of Unsecured Creditors (the "Committee" or "Plaintiff") of Pack Liquidating, LLC, *et al.,* derivatively, on behalf of the debtors and debtors-in-possession in the above-captioned bankruptcy proceedings (collectively, the "Debtors"), files this Motion (the "Motion") pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 7004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of a 90-day extension of time in which Plaintiff may effect service upon the defendants in this action (the "Defendants"). In support of its Motion, Plaintiff represents as follows:

### BACKGROUND

1. On August 28, 2022 (the "Petition Date"), the Debtors each filed a petition for relief under the Bankruptcy Code with this Court.

2. On May 9, 2023, the Court entered the *Final Order (I) Authorizing Use of Cash Collateral and Affording Adequate Protection; (II) Modifying Automatic Stay; and (III) Granting Related Relief* (the "Cash Collateral Order"). Among other things, the Cash Collateral Order authorized the Committee to bring claims on behalf of the Debtors against certain of the Defendants and mandating a deadline for bringing such claims (the "Challenge Deadline").[2]

3. On May 19, 2023, the Court entered the *Order Approving Stipulation and Order Granting Derivative Standing to the Official Committee of Unsecured Creditors to Commence Preference and Related Chapter 5 Litigation Claims on Behalf of the Debtors' Estates* (the

---

[2] Bankr. Docket No. 753, para. 18.

"Chapter 5 Litigation Order"),[3] pursuant to which the Committee was granted standing to bring claims under Chapter 5 of title 11 of the United States Code (the "Bankruptcy Code").

4. On September 28, 2023, and within the Challenge Deadline (as extended by order of the Court), the Plaintiff commenced this adversary proceeding by filing a complaint (the "Complaint"). The Complaint asserts various claims against the Defendants, including but not limited to claims (i) for declaratory relief; (ii) to avoid and recover preferential and fraudulent transfers; (iii) to equitably subordinate or recharacterize claims; (iv) for disallowance of claims; and (v) for breach of fiduciary duty or aiding and abetting such breach.

5. Contemporaneously with the Complaint, the Plaintiff filed the *Motion of the Official Committee of Unsecured Creditors for an Order Confirming the Committee's Leave, Standing and Authority to Commence, Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates* (the "Standing Motion"), seeking entry of an order confirming the Committee's standing to pursue claims for breach of fiduciary duty.[4]

6. On October 12, 2023, certain of the Defendants, consisting of the Debtors' founding members and their affiliated entities (collectively, the "Founders"), filed an objection to the Standing Motion,[5] pursuant to which the Founders contest the Plaintiff's standing to pursue claims against them for breach of fiduciary duty (the "Founder Breach of Fiduciary Duty Claims").[6]

---

[3] Bankr. Docket No. 769.
[4] Bankr. Docket No. 1027.
[5] Bankr. Docket No. 1050.
[6] Plaintiff's standing to pursue claims other than the Founder Breach of Fiduciary Duty Claims is not contested.

7. On October 19, 2023, the Court conducted a hearing on the Standing Motion. Subsequent to the hearing, and upon the invitation of the Court, the Plaintiff and Founders submitted post-hearing memoranda on October 26 and November 3, 2023.[7]

8. As of the date of this Motion, the Court has not ruled on the Standing Motion.

**RELIEF REQUESTED**

9. In accordance with Bankruptcy Rule 7004 and Federal Rule 4(m), the initial 90-day time limit for service in the above-captioned proceeding expires after December 27, 2023. By this Motion, Plaintiff seeks entry of an Order extending the deadline to serve process on the Defendants in this adversary proceeding by an additional ninety (90) days, through and including March 26, 2024.

**BASIS FOR RELIEF**

10. Pursuant to Federal Rule 4(m), made applicable to this adversary proceeding by Bankruptcy Rule 7004(a)(1), the Plaintiff is responsible for serving the summons and copy of the complaint upon non-foreign defendants within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m).[8] However, if service is not effected within 90 days, both Federal Rule 4(m) and Bankruptcy Rule 9006(b)(1) provide a legal basis for granting an extension of time. *See* Fed. R. Civ. P. 4(m); Fed. R. Bankr. P. 9006(b)(1); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

11. Under Federal Rule 4(m), the court must extend the time for service for an appropriate period if the Plaintiff shows "good cause" for its failure. Fed. R. Civ. P. 4(m);

---

[7] Bankr. Docket Nos. 1099, 1117.

[8] The 90-day time limit for service under Federal Rule 4(m) is not applicable to foreign defendants. *See* Fed. R. Civ. P. 4(m) ("This subdivision does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1) . . . ."). Nevertheless, Plaintiff requests that the extended deadline for service apply equally for foreign defendants.

4

*Petrucelli v. Bohringer and Ratzinger*, 46 F.3d at 1305. Federal Rule 4(m) alternatively grants the court discretion to extend the time for service even absent a showing of good cause or else to dismiss the complaint without prejudice. *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d at 1305. In addition, Bankruptcy Rule 9006(b)(1) provides that the court "for cause shown may at any time in its discretion (1) with or without motion or notice order a time period enlarged if the request is made before the expiration of the period originally prescribed or as extended by a previous order. . . ." Fed. R. Bankr. P. 9006(b)(1).

12. The Plaintiff respectfully submits that good cause exists, or in the alternative, that the Court may exercise its discretion, to extend the deadline to effectuate service to March 26, 2024.

**ARGUMENT**

I. **Good Cause Exists Warranting an Extension under Federal Rule 4(m).**

13. Upon a plaintiff's showing of good cause, Federal Rule 4(m) requires a court to extend the time for service. *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d at 1305.

14. The presence or absence of good cause for an enlargement of time to effect service is a matter of the court's discretion. *See United States v. Nuttall,* 122 F.R.D. 163, 166 (D. Del. 1988). The Federal Rules do not define "good cause." As a result, courts have considered select factors in determining the existence of good cause including: (1) the reasonableness of a plaintiff's efforts to serve; (2) prejudice to the defendant by lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve. *Id.* at 167.

15. Here, good cause exists to extend the time for Plaintiff to serve the Defendants pursuant to Federal Rule 4(m). The Plaintiff's standing to bring the Founder Breach of Fiduciary Duty Claims is currently under consideration by this Court. The Founder Breach of Fiduciary Duty Claims, along with claims for aiding and abetting such breaches of fiduciary duties, directly

impact a substantial majority of the Defendants.[9] An adverse decision on Plaintiff's standing to pursue the Founder Breach of Fiduciary Duty Claims could measurably affect what claims and factual allegations are litigated in this adversary proceeding. Even as to those few Defendants against whom no fiduciary duty claims are pled, their corresponding claims necessarily implicate many of the same facts supporting claims for breach of fiduciary duty, such that their litigation could prejudice those Defendants directly impacted by a ruling on the Standing Motion. Therefore, good cause exists to extend the time for service pending a ruling on the Standing Motion.

16. Plaintiff respectfully submits that a 90-day extension for service will not prejudice the Defendants. To the contrary, all parties will benefit from an extension to allow the Court to rule on the Standing Motion and provide clarity as to whether the Founder Breach of Fiduciary Duty Claims can be prosecuted in this proceeding. Moreover, although Plaintiff has not yet attempted service, at least some of the Defendants have already confirmed their knowledge of the Complaint.[10]

17. Plaintiff has not previously sought an extension of the time for service in this proceeding.

18. Based on the reasons stated above, Plaintiff believes that good cause exists to grant an extension of the time for service.

II. **The Court May Exercise its Discretion to Extend the Time Limit for Service Even Absent Good Cause.**

19. Alternatively, the Court has discretion to extend the time limit for service even

---

[9] As alleged in the Complaint, all but four of the Defendants and/or their Defendant affiliates face liability for the Founder Breach of Fiduciary Duty Claims and/or claims for aiding and abetting such breaches of fiduciary duty: The Emerson Group, Emerson Healthcare, LLC, Scott Emerson, and Alter Domus (US).

[10] Counsel for Plaintiff has had direct communication with counsel for the following Defendants concerning the Complaint: the Founders, RB Health (US) LLC, Reckitt Benckiser LLC d/b/a RB HyHo, Mead Johnson & Company LLC, Sealed Air Corporation (US), and Automated Packaging Systems.

absent a finding of good cause. *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d at 1305.

20. Courts in this Circuit have regularly exercised discretion to grant extensions of the time limit for service under Federal Rule 4(m). *See, e.g., OI European Group B.V. v. Bolivarian Republic of Venezuela*, 2022 WL 614047 (D. Del. Mar. 2, 2022); *In re Submicron Systems Corp.*, 2004 WL 883391, at *4 (D. Del. Apr. 5, 2004); *In re Global Link Telecom Corp.*, 2002 WL 31385814 (Bankr. D. Del. Oct. 22, 2002); *In re Harnischfeger Industries, Inc.*, 288 B.R. 79 (Bankr. D. Del. 2003); *In re Hechinger Investment Co. of Delaware, Inc.*, 308 B.R. 683 (Bankr. D. Del. 2003); *cf. In re Lenox Healthcare, Inc.*, 311 B.R. 404 (Bankr. D. Del. 2004) (denying Chapter 11 trustee's request for a second 90-day extension).

21. "When deciding whether to exercise its discretion, a court may consider the following factors: (i) frivolousness [of the plaintiff's complaint]; (ii) [the plaintiff's] motivation in pursuing its claims; (iii) objective unreasonableness (both in the factual and legal components of the case); and (iv) the need in particular circumstances to advance considerations of compensation and deterrence." *Ritter v. Cooper,* 2003 WL 23112306, at *3 (D. Del. 2003).

22. The Complaint is not frivolous. Among other things, the Complaint alleges in definitive and unambiguous terms the basis for avoiding significant monetary and non-monetary transfers for the benefit of the bankruptcy estate. The Complaint further articulates the grounds for recharacterizing or equitably subordinating various claims. The Complaint also pleads sufficient facts to support the fiduciary duty claims, including the Founder Breach of Fiduciary Duty Claims which are the subject of the Standing Motion currently under the Court's consideration. Plaintiff submits that this factor weighs significantly in favor of an extension of time.

23. Plaintiff's motivation for pursuing the Complaint is to benefit the Debtors'

bankruptcy estates and creditors. Indeed, the Complaint is a primary vehicle for recovering meaningful assets from which recoveries to holders of claims against the estates can be realized. Therefore, Plaintiff submits that this factor weighs significantly in favor of an extension of time.

24. A 90-day extension of time for serving the Complaint is objectively reasonable and will not prejudice any party. An extension is appropriate while the Court considers the Standing Motion because an adverse decision could impact the universe of claims and factual allegations eligible for litigation in this adversary proceeding. Moreover, a 90-day delay on service will not adversely impact the Defendants where: (i) the time for service remains well within the applicable statutes of limitations; and (ii) the Defendants will be temporarily relieved of the responsibility of responding to certain claims and allegations that are currently under the Court's review for standing. Plaintiff submits that this factor weighs significantly in favor of an extension.

25. Finally, Plaintiff submits that issues regarding compensation or deterrence are not applicable to this case. *See, e.g., Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986) (considering matters of compensation and deterrence in connection with the court's exercise of discretion to award statutory attorney fees).

26. Based on the reasons stated above, Plaintiff believes the Court is justified in exercising its discretion to grant an extension of time for serving the Complaint.

27. Counsel for Plaintiff has conferred with counsel for the Founders and RB Health (US) LLC and confirmed that neither the Founders, nor RB Health (US) LLC, nor its affiliates, oppose the relief requested in this Motion. Counsel for Plaintiff has been unable to correspond with representatives for each Defendant but is unaware of any opposition to the relief requested in this Motion.

## NOTICE

28. Notice of this Motion shall be provided to: (i) the Defendants, by and through their counsel of record where applicable; (ii) the Debtors; and (iii) the ABL Agent. In light of the nature of the relief requested, Plaintiff submits that no further notice is required.

## CONCLUSION

29. Good cause exists to extend the time for service in this adversary proceeding because Plaintiff's standing to pursue certain of the claims in the Complaint is currently under consideration by this Court, and Plaintiff is unlikely to have sufficient time under Federal Rule 4 to serve the Complaint following a decision on the Standing Motion absent an extension of time for service. Therefore, Plaintiff respectfully requests entry of an Order extending the deadline for the Plaintiff to serve each of the Defendants under Federal Rule 4 until March 26, 2024.

Dated: Wilmington, Delaware
       December 13, 2023

**A.M. SACCULLO LEGAL, LLC**

By: */s/ Mary E. Augustine*
Anthony M. Saccullo (No. 4141)
Mark T. Hurford (No. 3299)
Mary Augustine (No. 4477)
27 Crimson King Drive
Bear, DE 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
Email: ams@saccullolegal.com
      mark@saccullolegal.com
      meg@saccullolegal.com

*--and--*

**ASK LLP**

Nicholas C. Brown, Esq.
(admitted *pro hac vice*)
2600 Eagan Woods Drive, Ste. 400
St. Paul, MN 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email: nbrown@askllp.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors of Pack Liquidating, LLC, et al.*